UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>GELLER SPORT, INC., GELLER DEVELLIS, INC., WORCESTER PROFESSIONAL BASEBALL LLC, and PERFECT GAME BASEBALL CLUBS, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-CV-01365-JLT |

## ANSWER OF GELLER SPORT, INC. AND GELLER DEVELLIS, INC. TO AMENDED COMPLAINT AND JURY DEMAND

Geller Sport, Inc. and Geller Devellis, Inc. ("Geller") hereby answers the Amended Complaint, paragraph by paragraph, as follows:

Geller denies the factual allegations in the first unnumbered paragraph, and denies that the plaintiff, RI, Inc. d/b/a Seating Solutions has stated or can prove a claim against Geller upon which relief can be granted.

1.   Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.   Admitted.

3.   Admitted.

4.   Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Personal jurisdiction is not contested.

7. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Venue is not contested.

9. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Admitted.

11. Admitted.

12. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admitted that Patrick Maguire has served as an outside consultant to Worcester Basement; otherwise denied.

15. Denied as to all meetings.

16. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Admitted that a meeting occurred; otherwise denied.

19. Denied.

20. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Further answering, Geller states that the drawings that were prepared were a compilation of drawings and information from various sources which were neither confidential nor proprietary and that Seating Solutions had no right or authority to restrict the use of information to which it had no property interest.

21. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Geller admits that Maguire believed that the price proposed by the plaintiff was excessive, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding a modification of a proposal and the reduction in pricing. The remaining allegations in paragraph 26 are denied.

27. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Further answering, Geller states that a profit of $650,000 on a project valued at $1,519,880.90 is excessive and unconscionable.

38. Denied.

39. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Admitted that Maguire had previously worked with Dant Clayton; otherwise denied.

41. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denied.

44. Denied.

45. Denied that steps were necessary and that Geller had an obligation regarding the business interests of the plaintiff and therefore the material allegations in paragraph 45 to the extent they imply an obligation by the defendants are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Geller incorporates by reference its responses to paragraphs 1 through 49 of the Amended Complaint.

51. Denied.

52. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Denied.

54. Denied.

55. Geller incorporates by reference its responses to paragraphs 1 through 54 of the Amended Complaint.

56. Denied.

57. Denied.

58. Geller incorporates by reference its responses to paragraphs 1 through 57 of the Amended Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Geller incorporates by reference its responses to paragraphs 1 through 62 of the Amended Complaint.

64. Denied.

65. Denied.

66. Denied.

67. Geller incorporates by reference its responses to paragraphs 1 through 66 of the Amended Complaint.

68. Denied.

69. Denied.

70. Geller incorporates by reference its responses to paragraphs 1 through 69 of the Amended Complaint.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Geller incorporates by reference its responses to paragraphs 1 through 74 of the Amended Complaint.

76. Geller is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Denied that the Amended Complaint accurately describes the actions and transactions and damages.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, or any damages must be reduced on the account of, the plaintiffs' contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by failure of consideration.

### FIFTH AFFIRMATIVE DEFENSE

The claims are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred by statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by statute of limitations.

### EIGHT AFFIRMATIVE DEFENSE

The claims are barred by the statute of repose.

### NINTH AFFIRMATIVE DEFENSE

The claims are barred by waiver.

### TENTH AFFIRMATIVE DEFENSE

If the plaintiff has sustained damages, those damages were the result of conduct of individuals over whom the defendant had no control and thus for whom the defendant is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims are barred by privilege and/or immunity.

### JURY DEMAND

Geller demands a trial by jury on all issues so triable.

GELLER SPORT, INC. and GELLER DEVELLIS, INC.
By their attorneys,

David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500
(617) 406-4501

## CERTIFICATE OF SERVICE

I, Warren D. Hutchison, certify that on this 4th day of April, 2005, I served the foregoing by mailing a copy first class, postage prepaid, to:

Terry Klein, Esq.
The Law Office of Terry Klein
1558 Dorchester Avenue, Suite 202
Dorchester, MA 02122

Louis M. Ciavarra, Esq.
Bowditch & Dewey
One International Place
Boston, MA 02110

_____
Warren D. Hutchison

00907988//24410.88