UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RI, Inc., d/b/a SEATING SOLUTIONS,<br>Plaintiff<br><br>v.<br><br>GELLER SPORT, INC., GELLER DEVELLIS,<br>INC., WORCESTER PROFESSIONAL BASEBALL<br>LLC, and PERFECT GAME BASEBALL CLUBS,<br>LLC,<br>Defendants | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   05-CV-10365-JLT<br>)<br>)<br>)<br>) |

**DEFENDANTS WORCESTER PROFESSIONAL BASEBALL, LLC
AND PERFECT GAME BASEBALL CLUBS, LLC'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Defendants Worcester Professional Baseball, LLC ("Worcester Baseball") and Perfect Game Baseball Clubs, LLC ("Perfect Game") move this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint as to them for failure to state a claim upon which relief can be granted. In support of this motion Worcester Baseball and Perfect Game state that the law has long recognized that there is a fundamental difference between negotiations and binding contracts. Parties are free to exchange proposals, negotiate terms, accepting some and rejecting others, without fear of being bound. See, e.g., Cronin v. National Shawmut Bank, 306 Mass. 202, 210 (1940); Tull v. Mister Donut Dev. Corp., 7 Mass. App. Ct. 626, 632 (1979). That is why parties will often state in writing that in order for there to be a binding agreement, the written exchange must be signed and sometimes, a deposit must be paid. By insisting on such terms, the parties attempt to protect themselves from future disputes. Here, the plaintiff expressly included such requirements in its proposals yet seeks to enforce an alleged contract even when its

own terms were not met. As a matter of law, it cannot do so. See <u>Laprade v. Fitchburg & L. St. Ry. Co.</u>, 205 Mass. 77, 79 (1910)(a written agreement is ineffective if it remains unaccepted by one of the parties). In further support of this motion, Worcester Baseball and Perfect Game rely on their Memorandum of Law filed herewith.

WHEREFORE, Worcester Baseball and Perfect Game request that the Court dismiss the Amended Complaint as to them, with prejudice and costs, and grant such other relief as the Court deems just and appropriate.

>WORCESTER PROFESSIONAL
>BASEBALL, LLC, and PERFECT GAME
>BASEBALL CLUBS, LLC
>By their attorneys,
>
>/s/James P. Hoban
>Louis M. Ciavarra (BBO #546481)
>James P. Hoban (BBO #633929)
>Bowditch & Dewey, LLP
>311 Main Street, P.O. Box 15156
>Worcester, MA 01615-0156
>(508) 791-3511

Date:   April 13, 2005

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, James P. Hoban, state that I conferred with counsel for RI, Inc., d/b/a Seating Solutions, Terry Klein, Esquire, on or about April 12, 2005, in an effort to narrow the issues in dispute in this motion, but we were unable to reach agreement.

>/s/James P. Hoban
>James P. Hoban