UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RI, Inc., d/b/a SEATING SOLUTIONS, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> GELLER SPORT, INC., GELLER DEVELLIS, ) <br> INC., WORCESTER PROFESSIONAL BASEBALL ) <br> LLC, and PERFECT GAME BASEBALL CLUBS, ) <br> LLC, ) <br> Defendants ) | CIVIL ACTION NO. <br> 05-CV-10365-JLT |

## AFFIDAVIT OF ALAN STONE

I, Alan Stone, do depose and state under oath as follows:

1.      I am an officer and owner of Perfect Game Baseball Clubs, LLC and Worcester Professional Baseball, LLC and have personal knowledge of the facts set forth in this Affidavit.

2.      During February, 2005 we had negotiations with the Plaintiff to provide equipment and structures for the improvements at Fitton Field at The College of The Holy Cross. There were a number of proposals made by the Plaintiff which we considered. Each proposal we received from the Plaintiff was in writing and stated, clearly and unequivocally, that it was a "proposal" and that it was conditioned upon "the receipt of a signed proposal and deposit." We never accepted a proposal from the Plaintiff, we never signed a proposal from the Plaintiff and we never paid them a deposit.

3.      At all times we made it absolutely clear to the Plaintiff that we were reviewing other proposals and that nothing was guaranteed until the appropriate documents were reviewed, approved and signed. We clearly and unequivocally advised

the Plaintiff that he should not assume he had the project and that he would not have the project until all of the negotiations were complete and the agreements were reviewed and signed. No representative of Worcester Baseball ever promised the Plaintiff that we had a deal.

4. We eventually entered into a contract with Dant Clayton Corporation. The work at Fitton Field pursuant to that contract was substantially completed in time for our opening day on June 6, 2005. To the best of our knowledge, the Plaintiff never undertook any actions in reliance upon a belief that he would be awarded the project. No equipment or materials were ever purchased and no expenditures were made other than to prepare the proposals.

5. While we do not have insurance to provide coverage for this breach of contract claim, in the event Plaintiff is successful, we do have assets to satisfy any reasonable judgment. We purchased our membership in the league with a deposit of Five Hundred Thousand Dollars ($500,000.00). We have substantial corporate sponsors, including Hanover Insurance, Commerce Bank, Unum Provident, TD Banknorth and WB Mason. We have received over Three Million Five Hundred Thousand Dollars ($3,500,000.00) of capital investment, have sold thousands of tickets, and have over twenty (20) players under contract. While we are confident that the Plaintiff will not be successful in this case, in the event we are wrong there will be sufficient assets to satisfy any reasonable judgment that could be rendered in Plaintiff's favor.

6. The agreement we reached with The College of The Holy Cross is to transfer to them the improvements being made at Fitton Field in exchange for their agreement to allow us to use the field in order to bring professional baseball to

Worcester. We agreed to provide these assets to the College free and clear of any liens or encumbrances. If this Court were to grant the attachment, we would be in breach of our agreement with The College of The Holy Cross. While the repercussions of such a breach are uncertain at this time, clearly it could disrupt the relationship as well as the potential ability to play baseball at the Fitton Field in the future.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8TH DAY OF JUNE, 2005.

_____
Alan Stone