UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GELLER SPORT, INC., GELLER DEVELLIS, )<br>INC., WORCESTER PROFESSIONAL BASEBALL )<br>LLC, and PERFECT GAME BASEBALL CLUBS, LLC, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 05-CV-10365-JLT |

**MOTION OF DEFENDANTS GELLER SPORT, INC. AND GELLER DEVELLIS, INC. IN LIMINE TO EXCLUDE DAMAGES FOR THE ALLEGED "MISAPPROPRIATION OF TRADE SECRETS AND OTHER CONFIDENTIAL AND PROPRIETARY INFORMATION"**

The defendants, Geller Sport, Inc. and Geller DeVellis, Inc. ("Geller"), hereby move to preclude the plaintiff, R/I , Inc. d/b/a Seating Solutions ("Seating Solutions") from introducing evidence of damages at trial for the alleged "misappropriation of trade secrets and other confidential and proprietary information" for which Seating Solutions seeks recovery.

In support of this Motion, Geller asserts not only that Seating Solutions has failed to provide any quantifiable damages or supporting documentation to substantiate the alleged damages, but also that Seating Solutions has acknowledged through sworn testimony of its principal that no such evidence exists and no documents would assist in determining the amount of such damages. Accordingly, Geller objects to the introduction of evidence of damages that are undetermined and not supported by any documentation on the grounds that it will suffer prejudice.

I. **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In Count V of its Amended Complaint, Seating Solutions alleges that Geller misappropriated trade secrets by sending certain drawings to Dant Clayton. Exhibit 10 Amended Complaint, ¶ 68. In its Initial Disclosures, Seating Solution states that the damages for the alleged misappropriation of trade secrets and other confidential and proprietary information of Seating Solutions are "of an undetermined amount." Exhibit 9, Initial Disclosure Statement of RI Inc. d/b/a Seating Solutions.

In his 30(b)(6) deposition, Seating Solutions' principal, Scott Suprina, testified that the amount of damages with respect the alleged misappropriation of trade secrets and other confidential and proprietary information are indeterminable:

> Q. Have you determined an amount of damages to Geller's alleged misappropriation and dissemination of information?
> A. I don't believe so.
> Q. So there is no dollar amount you can attribute to that?
> A. I have not determined the dollar amount.
> Q. Do you know if any of the documents that I have here could guides us in any way as to what these damages might be?
> A. No.

Exhibit 11, Rule 30(b)(6) Deposition Transcript of Scott Suprina, dated March 31, 2006, p. 90, lines 4-18 (Objections omitted).

II. **ARGUMENT**

Seating Solutions has failed to prove, and can provide no support for, or documentation of, the damages for the alleged misappropriation of trade secrets and other confidential and proprietary information. This claim, as well as the alleged damages suffered by Seating Solutions with respect thereto, are a matter of pure conjecture. A plaintiff's "damages must be proven" and "cannot be speculative." Newton v. Rockwood & Co., 261 F. Supp. 485, 488 (D. Mass 1966), citing Robie v. Ofgant, 306 F.2d 656, 660

2

(1st Cir. 1962). Damages cannot be awarded which are merely speculative and the damages in the present dispute are by definition speculative and wholly unsupported by documentation. To allow Seating Solutions to present evidence at trial of speculative damages relating to the alleged misappropriation of trade secrets and other confidential and proprietary information would severely prejudice Geller.

In addition to the requirement that damages not be speculative in nature, they also must be "reasonably ascertainable from the evidence." Agoos Leather Companies, Inc. v. American and Foreign Ins. Co., 342 Mass. 603, 608 (1961). Here, there is no support or documentation from which to determine Seating Solutions' alleged damages. "While proof of damages does not require mathematical precision, it must be based on more than mere speculation." Squeri v. McCarrick, 32 Mass. App. Ct. 203, 209 (1992); See also Bond Pharmacy, Inc. v. Cambridge, 338 Mass. 488, 493 (1959).

Furthermore, Seating Solutions had an obligation pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure to supplement its Rule 26(a) Initial Disclosures. Rule 26(e)(1) provides that "[a] party is under a duty to supplement at appropriate intervals its disclosures under [Rule 26](a) if the party learns that in some material respect the information disclosed in incomplete or incorrect and the additional or corrective information has not otherwise been made know to the other parties during the discovery process in writing." And, under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . any witness or information not so disclosed." See, e.g., Portland Natural Gas Transmission Sys. v. 4.83 Acres More or Less, In Town of Columbia, County of Coos,

3

State of New Hampshire, No. 99-2330, 2000 U.S. App. LEXIS 23916, at *7 (1st Cir. Sept. 20, 2000) (affirming District Court's exclusion of plaintiff's exhibit quantifying damages as untimely even though it was produced on last day of discovery); Primus v. United States, 289 F.3d 231, 234-35 (1st Cir. 2004) (explaining that "mandatory preclusion [is] the required sanction in the ordinary case" under Rule 37(c)(1)) (quoting Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998)); Norris v. Murphy, CA No. 00-12599-RBC, 2003 U.S. Dist. LEXIS 10795, at *4 (D. Mass. June 26, 2003) (under Rule 37(c)(1) "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless") (citations omitted).

In the instant matter, Seating Solutions has had ample time and opportunity to supplement and provide documentation and support for its damages, but it has not. Moreover, it would be patently unfair to Geller to allow Seating Solutions to present evidence for the first time at trial supporting its damages claim for misappropriation and dissemination of Seating Solutions' proprietary information.  Accordingly, the Court should preclude Seating Solution's from introducing evidence as to damages associated with the alleged misappropriation of trade secrets and other confidential and proprietary information; in other words, any damages associated with Count V of the Amended Complaint.

### III.     CONCLUSION

For the foregoing reasons, this Court should preclude Seating Solutions from introducing evidence of damages for the alleged misappropriation of trade secrets and other confidential and proprietary information.

4

Respectfully submitted,

GELLER SPORT, INC. and GELLER DEVELLIS, INC.
By their attorneys,

/s/ Warren D. Hutchison

---

David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 4, 2006
00997818.DOC

## CERTIFICATE OF SERVICE

      I, Warren D. Hutchison, hereby certify that on this 4th day of August, 2006, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

                                /s/ Warren D. Hutchison
                                Warren D. Hutchison