UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS,            )<br>                                                                   )<br>                              Plaintiff,              )<br>                                                                   )<br>              v.                                                 )<br>                                                                   )<br>GELLER SPORT, INC., GELLER DEVELLIS,   )<br>INC., WORCESTER PROFESSIONAL BASEBALL )<br>LLC, and PERFECT GAME BASEBALL CLUBS, LLC, )<br>                                                                   )<br>                              Defendants.         )<br>                                                                   ) | CIVIL ACTION<br>NO. 05-CV-10365-JLT |

**MOTION OF DEFENDANTS GELLER SPORT, INC. AND GELLER DEVELLIS, INC. IN LIMINE TO EXCLUDE EVIDENCE CONTRARY TO THE ADMISSIONS OF PLAINTIFF THAT ESTABLISH NO BREACH OF A CONFIDENTIALITY AGREEMENT**

The defendants, Geller Sport, Inc. and Geller DeVellis, Inc. ("Geller"), hereby move to preclude the plaintiff, R/I , Inc. d/b/a Seating Solutions ("Seating Solutions") from introducing evidence contrary to the admissions of Scott Suprina ("Suprina"), principal of Seating Solutions, that no basis exists for relief for breach of a confidentiality agreement between Geller and Seating Solutions.

In support of this Motion, Geller asserts that Seating Solutions, through its principal, Suprina, has established that no confidentiality agreement or non-disclosure agreement ever existed between Geller and Seating Solutions. Accordingly, Geller objects to the introduction of evidence contrary to the admissions that have already been made that establish no basis for relief.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Seating Solutions did not have Geller sign a nondisclosure agreement, nor did it have a confidentiality agreement with Geller as evidenced by the deposition testimony of Scott Suprina, the principal of Seating Solutions:

> Q. When the AutoCad drawings were Emailed to Patrick, did you have him sign a nondisclosure agreement?
> A. No.

Exhibit 1, Deposition of Scott Suprina, dated July 29, 2005, p. 254, lines 7-10.

> Q. Did you have a Confidentiality Agreement with Geller?
> A. No.

Exhibit 1, Deposition of Scott Suprina, dated July 29, 2005, p. 258, lines 18-20.

## II. ARGUMENT

When asked whether Geller had entered into either a confidentiality or non-disclosure agreement with Seating Solutions, Suprina unconditionally states "no." Exhibit 1, Deposition of Scott Suprina, dated July 29, 2005, p. 254, lines 7-10, p. 258, lines 18-22. As no confidentiality agreement existed, Seating Solutions has no actionable claim against Geller. Accordingly, the Court should exclude from trial any evidence by Seating Solutions attempting to establish the contrary.

## III. CONCLUSION

For the foregoing reasons, this Court should preclude Seating Solutions from introducing evidence contrary to Suprina's deposition testimony that establishes no breach of a confidentiality agreement.

Respectfully submitted,

GELLER SPORT, INC. and GELLER DEVELLIS, INC.
By their attorneys,

/s/ Warren D. Hutchison

David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 4, 2006
01021055.DOC

**CERTIFICATE OF SERVICE**

      I, Warren D. Hutchison, hereby certify that on this 4th day of August, 2006, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

                                      /s/ Warren D. Hutchison
                                      Warren D. Hutchison