UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS,        )<br>                                          )<br>         Plaintiff,                      )<br>                                          )   CIVIL ACTION<br>         v.                               )   NO. 05-CV-10365-JLT<br>                                          )<br>GELLER SPORT, INC., GELLER DEVELLIS,      )<br>INC., WORCESTER PROFESSIONAL BASEBALL     )<br>LLC, and PERFECT GAME BASEBALL CLUBS, LLC,)<br>                                          )<br>         Defendants.                     )<br>                                          ) | |

**MOTION OF DEFENDANTS GELLER SPORT, INC. AND
GELLER DEVELLIS, INC. IN LIMINE TO EXCLUDE EVIDENCE OF
<u>OUTDOOR ALUMINUM'S CERTIFICATION AND BID QUOTE</u>**

The defendants, Geller Sport, Inc. and Geller DeVellis, Inc. ("Geller"), hereby move to preclude the plaintiff, R/I, Inc. d/b/a Seating Solutions ("Seating Solutions") from introducing into evidence the purported bid quote of Outdoor Aluminum, dated February 2, 2005, which appears as Exhibit 7 to Scott Suprina's 30(b)(6) Deposition, and accompanying certification from Outdoor Aluminum concerning aluminum bleacher seating. The bid quote is not within the proper scope of FED. R.EVID. 902(11) because the submissions are not records of regularly conducted activity under FED. R.EVID. 803(6), Outdoor Aluminum's bid quote cannot be linked to the Seating Solutions' bid of February 21, 2005, and any probative value would be outweighed by its prejudicial impact.

Geller anticipates that Seating Solutions seeks to introduce the bid quote to support proof of its lost profits. Specifically, this quote would be offered to show an

element of the costs Seating Solutions claims in order for it to calculate what its profits on the project would have been.

**I.     ARGUMENT**

The bid quote should be excluded under FED. R. EVID. 902(11) because it is hearsay that is not otherwise admissible under FED. R.EVID. 803(6). The bid quote is an out of court statement and it would be admitted in an attempt to prove the truth of the matter it asserts – that the quote would represent actual costs and the only costs related to bleachers and seating to be incurred by Seating Solutions on the project. As such, it is not admissible under FED. R.EVID. 802.

The proposed bid that the plaintiff seeks to introduce is not within any FED. R.EVID. 803(6) exception. A bid quote that is limited in time and scope is not a regularly occurring record of business activity. Rather, it is a unique event tailored to a specific set of circumstances or specifications. Therefore, the bid quote fails the requirements of the rule because there is nothing "regular" about it. See Hiram Ricker & Sons v. Students International Meditation Soc., 501 F.2d 550, 554 (1st Cir. 1974), 1974 U.S. App. LEXIS 7587, 9 ("A crucial aspect of the business-records exception is that entries be prepared as a *regular* part of the business. 'The entry offered must of course be a part of a *series of entries* or *reports*, not a casual or isolated one.' 5 Wigmore, Evidence § 1525 (3d ed. 1940) (emphasis in original)"). The bid quote is similar to the record rejected by the Hiram court. There, the court found adjustment tables were properly excluded because they were based on reports by maintenance workers who were themselves unavailable to testify. The court concluded the workers' reports were not "regular, systematic business activity" of the sort encompassed by the exception. Id. The preparation of a bid quote is

2

similarly irregular in that there is nothing about to suggest how it was prepared and nothing about a unique bid quote is serial in the way the Hiram court requires. The lack of that regularity creates just the sort of uncertainty that the exception for records of regularly conducted activity is designed to avoid.

The bid quote was not made "at or near the time" of the event for which Seating Solutions offers it. The bid quote was transmitted on February 2, 2005. The Seating Solutions proposal following that quote was rejected and there were numerous changes to the project before Seating Solutions submitted its February 21, 2005 proposal. In addition to rejecting the February 21, 2005 proposal, Worcester Baseball also rejected Seating Solutions' proposals of February 15 and February 17. Amended Complaint, ¶¶26-30, 38; Exhibit 2, p. 146, lines 1-24; Exhibit 4. As a result, the object of the February 21 proposal was in fact quite distant in time from the making of the bid quote. Consequently, the Court should exclude the bid quote because it also fails the temporal requirement of the FED. R.EVID. 803(6) hearsay exception.

The bid quote should be excluded because it lacks credibility for its intended purpose of proving Seating Solutions' costs. The particular requirements of the project changed substantially between February 2, 2005 and February 21, 2005 when Seating Solutions submitted its final proposal. As a result, the project as it existed nearly three weeks after Outdoor Aluminum provided its bid quote was a very different project from the one for which the February 2, 2005 bid quote was prepared. As a result, there is no credible basis for how the bid quote relates to Seating Solutions' claims of lots profits. Similarly, it would be unfair to introduce the bid quote into evidence without any information concerning the underlying circumstances under which it was developed.

Finally, any probative value that the bid quote may have would be dramatically outweighed by its prejudicial impact and should be excluded under FED. R.EVID. 403. Because of the lack of any supporting testimony to explain the circumstances under which the bid quote was prepared, the unavailability of its author to explain the circumstances, and its significant attenuation from the cost of the project for which its admission is sought all show that allowing the bid quote could be nothing but prejudicial and confusing. See United States v. Lynn, 856 F.2d 430, 434 n.7 (1st Cir. 1988), 1988 U.S. App. LEXIS 12309, 11 (observing that Rule 403 requires district courts to be "on constant guard" in balancing probative value against the danger of unfair prejudice; the court ruled that prior recorded recollection evidence admitted in conjunction with conviction evidence was unfairly prejudicial).

## II.  CONCLUSION

For the foregoing reasons, the Court should exclude the February 2, 2005 bid quote and its accompanying certification because they are not properly within the scope of the FED. R.EVID. 803(6) exception to FED. R.EVID. 802's hearsay exclusion and consequently cannot qualify under Fed. R.Evid 902(11).

                                        Respectfully submitted,

                                        GELLER SPORT, INC. and GELLER DEVELLIS, INC.,
By their attorneys,

/s/ Warren D. Hutchison

David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 4, 2006

4

## **CERTIFICATE OF SERVICE**

      I, Warren D. Hutchison, hereby certify that on this 4th day of August, 2006, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

                                /s/ Warren D. Hutchison
                                Warren D. Hutchison

01023276