UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 05-CV-10365-JLT |
| ) | |
| GELLER SPORT, INC., GELLER DEVELLIS, ) | |
| INC., WORCESTER PROFESSIONAL BASEBALL ) | |
| LLC, and PERFECT GAME BASEBALL CLUBS, LLC, ) | |
| ) | |
| Defendants. ) | |

### MOTION OF DEFENDANTS GELLER SPORT, INC. AND GELLER DEVELLIS, INC. IN LIMINE TO EXCLUDE EXHIBIT 6 OF THEODORE DYE'S DEPOSITION PURSUANT TO RULE 403 OF THE FEDERAL RULES OF EVIDENCE

The defendants, Geller Sport, Inc. and Geller DeVellis, Inc. ("Geller"), hereby move to preclude the plaintiff, R/I, Inc. d/b/a Seating Solutions ("Seating Solutions") from introducing an e-mail exchange between Patrick Maguire ("Maguire") and Ted Dye ("Dye") introduced as Exhibit 6 in the Deposition of Dye, as Exhibit 30 in the Deposition of Maguire, and any other exhibit that might contain an e-mail from Patrick Maguire to Ted Tye dated Thursday, February 17, 2005, and any reference to thereto because it contains inflammatory language that is unfairly prejudicial and outweighs any probative value that the e-mail may have with regard to plaintiff's Amended Complaint. A copy of the document is attached hereto at Exhibit 13.

### I.    FACTUAL BACKGROUND

The email at issue contains vulgar, inflammatory language, used as a joke to express the sports rivalry between Boston and New York baseball fans. Any attempt by

the plaintiff to offer the e-mail, or references to it, into evidence would be for the purpose of embarrassing Maguire and nothing more.

## II.    <u>ARGUMENT</u>

Evidence that is relevant may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice. FED. R.EVID. 403. In this situation, there is no probative value to the e-mail itself and the danger of unfair prejudice is high. Therefore, pursuant to FED. R.EVID. 403, this Court should exclude the email and any reference thereto. <u>See</u> <u>United States v. Logan</u>, 49 Fed.3d 352, 358 (8th Cir. 1995) (Court affirms exclusion of taped statements containing derogatory language that failed to mention criminal defendant or his role in conspiracy because such language rendered the recording inflammatory and prejudicial).

## III.    <u>CONCLUSION</u>

For the foregoing reasons, this Court pursuant to Rule 403 of the Federal Rules of Evidence should preclude Seating Solutions from introducing the e-mail exchange between Patrick Maguire and Ted Dye, dated February 17, 2005, as its undue prejudice outweighs its probative value for relief for tortious interference with an advantageous business relationship between Seating Solutions and Worcester Baseball.

Respectfully submitted,

GELLER SPORT, INC. and GELLER
DEVELLIS, INC.
By their attorneys,

/s/ Warren D. Hutchison

_____

David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 4, 2006
01023659

## <u>CERTIFICATE OF SERVICE</u>

I, Warren D. Hutchison, hereby certify that on this 4th day of August, 2006, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

/s/ Warren D. Hutchison
Warren D. Hutchison

01023659