UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-CV-10365-JLT |
| | ) | |
| GELLER SPORT, INC., GELLER DEVELLIS, INC., WORCESTER PROFESSIONAL BASEBALL LLC, and PERFECT GAME BASEBALL CLUBS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED JURY INSTRUCTION OF DEFENDANTS, GELLER SPORT, INC. AND GELLER DeVELLIS, INC.

The defendants, Geller Sport, Inc. and Geller DeVellis, Inc. ("Geller"), hereby submit the following proposed jury instructions. The defendants respectfully request that they be permitted to supplement, withdraw or modify these proposed instructions after the submission of all evidence.

Respectfully submitted,

GELLER SPORT, INC. and GELLER DEVELLIS, INC.
By their attorneys,

/s/ Warren D. Hutchison

_____
David J. Hatem PC, BBO #225700
Warren D. Hutchison, BBO # 246150
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Date: August 4, 2006

**Proposed Instruction  No. 1  (General)**

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.  You are to consider these instructions as a whole.

It is your duty as jurors to follow the law as stated in the instructions by the Court, and to apply the rule of law so given to the facts as you find them from the evidence in the case.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

You, the jury, are the sole judges of the facts.  It is up to you to find out what happened in the case and apply the law which I give you to the facts you find.  In reaching your verdict, you may only consider the testimony and exhibits which have been introduced into evidence in this case.

Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u> (4th ed. 1987) (modified) §71.01.

**Proposed Instruction  No. 2   (General)**

This case should be considered and decided by you as an action between parties of equal

standing in the community, of equal worth, and holding the same or similar stations in life.  A

corporation is entitled to the same fair trial at your hands as a private individual.  All parties,

including corporations, stand equal before the law, and are to be dealt with as equals in a court of

justice.

**Proposed Instruction  No. 3   (General)**

You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatever, in deciding whether the plaintiff has sustained its burden of proof, or in assessing damages.

**Proposed Instruction  No. 4  (General)**

In considering the evidence, you should take into account the testimony of the witnesses, the stipulations agreed to among the parties, the exhibits received in evidence by the Court, direct and circumstantial evidence and reasonable inferences which you may draw from the evidence.

There are two kinds of evidence. One is direct evidence, such as that of an eyewitness.  The other is circumstantial, that is, where one fact points or leads to another.  For example, if a person enters this courtroom wearing a wet coat and shoes, that is circumstantial evidence that it is raining outside.  Other explanations may exist, but rain is a reasonable one.

**Proposed Instruction No. 5 (General)**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proven.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Some evidence is admitted for a limited purpose only. When the Court instructs that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

Devitt, et al, <u>Federal Jury Practice and Instructions</u>, §§ 71.08, 71.09)

**Proposed Instruction  No. 6  (Credibility)**

You, as jurors are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by evidence to the contrary of the testimony given.  You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  In appraising the credibility of every witness in this case, you are entitled to consider the interest, or lack of interest of the particular witness in the outcome of this litigation.  Thus, in determining the credibility of the plaintiff, you may consider the fact that he stands to gain monetarily by a favorable verdict.

Consider each witness' motive, state of mind, and demeanor or manner while on the stand. If you find that a witness is a friend in this case, or it a witness is biased toward a party in this case, then you may consider that in deciding how believable the witness is.  Consider the witness' ability to observe the matters on which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or

unimportant detail, and whether the discrepancy results from innocent error or intentional

falsehood.

After making your own judgment, you will give the testimony of each witness such weight,

if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses

testifying to the existence or nonexistence of any fact. You may find that the testimony of a small

number of witnesses as to any fact is more credible than the testimony of a larger number of

witnesses to the contrary.

Devitt, et al, Federal Jury Practice and Instructions, § 73.01; Olson v. Ela, 8 Mass. App. Ct. 165
(1979); Liacos, Handbook of Massachusetts Evidence, (1981) 144.

**Proposed Instruction No. 7   (Preponderance of the Evidence)**

In a civil action such as this, the burden is on the party asserting a claim to prove every essential element of that claim by a "preponderance of the evidence."  A "preponderance of the evidence" means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than false.  In other words, to establish a claim by a "preponderance of the evidence," the party asserting the claim must prove that it is more probably so than not so.

A "preponderance of the evidence" does not mean that you should count the number of witnesses or documents.  Rather, a "preponderance of the evidence" refers to the quality of all of the evidence which you accept as credible or true.

By a fair preponderance of the evidence, it is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then [he/she/it] has failed to satisfy you by a fair preponderance of the evidence that [his/her/its] contentions are true, and you must therefore find in favor of the defendant.

I caution you that the weight of the evidence is not necessarily determined by the number of witnesses testifying pro or con as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to a particular fact is more credible that the testimony of a larger number or witnesses to the contrary.  Perhaps most directly put, members of the jury, in weighing and evaluating the evidence, your  search should be for the quality of the evidence, not merely for the quantity of the evidence.

Liacos, Handbook of Massachusetts Evidence, (5th ed. 1981), p. 38.

**Proposed Instruction No. 8  (Preponderance of the Evidence)**

Unless you believe that the plaintiff has proven his case by a preponderance of the credible evidence, you must find for the defendant.  If the evidence is, in your view, so evenly balanced that you cannot tell on which side the weight of the evidence lies, then you must find for the defendant. A tie goes to the defendant.

<u>Sullivan v. Hamacher</u>, 339 Mass. 190 (1959).

**Proposed Instruction No. 9  (Burden of Proof)**

You must find that the plaintiff has failed to maintain the burden of proof if, on all credible evidence, the question of the defendant's liability or causation or damages are left to conjecture, surmise or speculation.

Borden v. Betty Gibson Assoc., Inc., 31 Mass. App. Ct. 51, 55 (1991); Currie v. Lee Equipment Corp., 362 Mass. 765, 768 (1973); Morris v. Weene, 258 Mass. 178, 180 (1927).

**Proposed Instruction No. 10          (Burden of Proof)**

You cannot permit emotionalism or sympathy for the plaintiff to play any part in your decision as to whether the plaintiff has carried his burden of proof.  If you decide the plaintiff has not carried his burden of proof, you must return a verdict for the defendant.

**Proposed Instruction No. 11          (Burden of Proof)**

The burden of proof is on the plaintiff to prove each and every essential element of his claim by a preponderance of all the credible evidence.  If the evidence should fail to establish any one of the essential elements of the plaintiff's claims, or if the evidence is equally balanced as to any of the plaintiff's claims, then you must find for the defendant.  Because the party asserting a claim has the burden of proof by a preponderance of the evidence, if you find that the evidence on any particular issue or claim is evenly balanced, that means that the party asserting the claim cannot prevail and you should render your verdict for the party defending that claim.

Borrelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E.2d 510 (1969); Kenny v. Sears, Roebuck & Co., 355 Mass. 604, 246 N.E.2d 649 (1969); Morris v. Weene, 258 Mass. 178, 180 (1927).

**Proposed Instruction No. 12 (Tortious Interference with Advantageous Relationship)**

To prove tortious interference with advantageous relationship, the plaintiff must prove each of the following elements by the preponderance of the evidence:  (1) that a business relationship or a contemplated contract of economic benefit existed; (2) the defendant's knowledge of such a relationship; (3) the defendant's intentional and malicious interference with that business relationship or contemplated economic benefit; and (4) the plaintiff's loss of advantage directly resulting from defendant's conduct.  If you find lack of proof as to even one such element, then you must find for the defendant as to Count III in the plaintiff's Amended Complaint, Tortious Interference with Advantageous Relationship.

Comey v. Hill, 387 Mass. 11, 19, 438 N.E.2d 811, 816 (1982); Powers v. Leno, 24 Mass.App.Ct. 381, 385, 509 N.E.2d 46, 49 (1987); Devlin v. WSI Corp., 833 F.Supp. 68, 78 (D.Mass.1993) (applying Mass. law).

**Proposed Instruction No. 13 (Tortious Interference with Advantageous Relationship)**

In order to find for the plaintiff as to Count III of its Amended Complaint, tortious interference with advantageous relationship, you must find that the defendant acted with improper motives or means. According to law in Massachusetts, improper motives or means is synonymous with "actual malice". And, actual malice has been defined as any "spiteful, malignant purpose, unrelated to the legitimate corporate interest". Evidence of the defendant's personal dislike for the plaintiff or the defendant's economic self-interest in advising Worcester Baseball not to do business with the defendant is not enough to satisfy the "malice" element. Likewise, derogatory comments and uncivil behavior will not warrant the inference that the defendant acted with malice. Nor will any evidence of personal financial gains.

See Alba v. Sampson, 44 Mass. App. Ct. 311, 316 (1998). King v. Driscoll, 418 Mass. 576, 587, 638 N.E.2d 488, 495 (1994). ("[t]he motivation of personal gain, including financial gain, however, generally is not enough to satisfy the improper interference requirement"); Shea v. Emmanuel College, 425 Mass. 761, 682 N.E.2d 1348 (1997); United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 817, 551 N.E.2d 20, 24 (1990)(holding a consultant who had advised a client not to do business with the plaintiff firm, and who acted only out of economic self-interest, did not employ improper means nor have an improper motive and so was not liable when the client, acting on the consultant's advice, ceased to do business with the plaintiff). Harrison v. NetCentric Corp., 433 Mass. 465, 744 N.E.2d 622 (2001). See also Bennett v. City of Holyoke, 230 F.Supp.2d 207 (D. Mass. 2002), aff'd 362 F.3d 1 (1st Cir. 2004) (applying Massachusetts law).

**Proposed Jury Instruction No. 14 (Tortious Interference with Advantageous Relationship)**

  Although there is a general duty not to interfere with the contractual relations of others,

justification for intentional interference exists when a party acts to protect a conflicting interest

which is considered to be of equal or greater value than the contractual rights with which there is

interference.  For example, a conditional privilege exists for an attorney interfering in a contract

involving his client, for a corporate officer interfering in the contract of his corporation, and for a

consultant or design professional interfering in the construction project of his principal.


Great American Insurance Co. v. Bailey (In Re Cutty's-Gurnee, Inc.), 133 Bankr. 934, 967 (Bankr. N.D. Ill. 1991); Certified Mechanical Contractors, Inc. v. Wight & Co., 515 N.E.2d 1047, 1053 (Ill. App. 2 Dist. 1987); Santucci Construction Co. v. Baxter & Woodman, Inc., 502 N.E.2d 1134, 1139 (Ill. App. 2 Dist. 1986); Waldinger Corp. v. CRS Group Engineers, Inc., 775 F.2d 781, 790 (7th Cir. 1985); Eastern Contractors, Inc. v. Earl R. Flansburgh & Associates, 1993 Mass. Super. LEXIS 205, at * 14 (Oct. 27, 2003) Catrone v. Thoroughbred Racing Assoc., 929 F.2d 881, 887 (1st Cir.1991); Gram v. Liberty Mut. Ins. Co., 384 Mass 659 (1981)); A.F.M. Corp. v. Corporate Aircraft Management, 626 F.Supp. 1533, 1551-52 (D.Mass.1985)); Kecko Piping Co., Inc. v. Town of Monroe, 374 A.2d 179 (Conn. 1977)

**Proposed Instruction No. 15        (Trade Secret)**

A trade secret is defined as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  If you do not find that the plaintiff's drawings were in themselves a "trade secret", then you must find for the defendant, Geller, as to Count V of the plaintiff's Amended Complaint, misappropriation of trade secrets.

J.T. Healy & Son, Inc. v. James A. Murphy & Son, Inc., 357 Mass. 728, 736, 260 N.E.2d 723, 729 (1970) (quoting Restatement of Torts § 757 cmt. B (1939); See also Eastern Marble Prods Corp. v. Roman Marble, Inc., 372 Mass. 835, 838-39, 364 N.E.2d 799, 801-802 (1977).

**Proposed Instruction No. 16          (Trade Secret)**

In determining whether the design drawings given by the plaintiff, Seating Solutions, to the defendant, Geller, was a "trade secret" you are to examine the following six factors: (1) the extent to which the information is known outside the plaintiff's business; (2) the extent to which the information is known by employees and others involved in the plaintiff's business; (3) the extent of measures taken by the plaintiff to guard the secrecy of the information; (4) the value of the information to the plaintiff and to its competitors; (5) the amount of effort or money expended by the plaintiff in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

Jet Spray Cooler, Inc. v. Crampton, 361 Mass. 835, 840, 282 N.E.2d 921, 925 (1972) (citing Restatement of Torts ¶ 757 cmt. b); Matter of Yankee Milk Inc., 372 Mass. 353, 360, 362 N.E.2d 207, 211 (1977); Campbell Soup Co. v. Giles, 47 F.3d 467, 469-470 (1st Cir.1995) (denial of motion for preliminary injunction regarding misappropriation of trade secrets affirmed; lower court found that marketing information at issue was no longer confidential, having been disclosed to customers and the public).

**Proposed Instruction No. 17  (Mass. Gen. Laws ch. 93, § 42 --**
**Taking of Trade Secrets)**

Before the plaintiff can recover for misappropriation of trade secrets under Mass. Gen.

Laws. Ch. 93, section 42, you must find the plaintiff proved, by a preponderance of the evidence,

that the defendant (1) embezzled, stole or unlawfully took, carried away, concealed, or copied, or

by fraud or by deception; (2) with the intent to convert to his own use; (3) plaintiff's trade secret.

If the plaintiff has not proven each and every one of these elements by a preponderance of the

evidence, then you find for the defendant on the plaintiff's trade secrets claim.

MASS. GEN. LAWS ch. 93, § 42: Whoever embezzles, steals or unlawfully takes, carries away,
conceals, or copies, or by fraud or by deception obtains, from any person or corporation, with
intent to convert to his own use, any trade secret, regardless of value, shall be liable in tort to such
person or corporation for all damages resulting therefrom.

**Proposed Instruction No. 18  (Breach of Confidentiality Agreement)**

A contract is an agreement that is legally binding.  The plaintiff, Seating Solutions, claims

that it entered into a confidentiality agreement with the defendant, Geller, as a result of a "title-

block" notice, which declares proprietary rights in the information on the drawing.  If you find

that the mere existence of this "title-block" notice does not create a legally binding contract between the defendant, Geller, and the plaintiff, Seating Solutions, you must find for the defendant as to Count VI of the plaintiff's Amended Complaint, breach of confidentiality agreement.

Louise Caroline Nursing Home v. Dix Construction Corp., 362 Mass. 306, 309-311 (1972); Walsh v. Conwell, 272 Mass. 555 (1930); Petowsky v. Black, 213 Mass. 428 (1913).

**Proposed Instruction No. 19  (Breach of Confidentiality Agreement)**

The plaintiff, Seating Solutions, claims that the defendant, Geller, breached a confidentiality agreement that the plaintiff and defendant had entered into.  In general, an action for breach of contract protects a party's interest in having a promise performed.  You must find that

the defendant is not liable to the plaintiff for breach of contract if the plaintiff cannot prove each of

the following: (1) an agreement, whether express or implied, in writing or orally, exists between

the plaintiff and the defendant; (2) for valid consideration; (3) performance or its equivalent under

the agreement by the plaintiff; (4) material breach of the agreement by the defendant; and (5)

damages.

"Consideration" consists of the inducement for a person to enter into a contract.  A "breach

of contract" is a party's failure to perform in accordance with the terms of the contract where that

failure is without a justifiable excuse.


Redgrave v. Boston Symphony Orchestra, Inc., 557 F. Supp. 230, 237 (D. Mass. 1983); Loranger
Construction Corp. v. E. F. Hauserman  Co., 1 Mass. App. Ct. 801 (1973) ); Singarella v. Boston,
342 Mass. 385, 387 (1961); Realty Developing Co., Inc. v. Wakefield Ready-Mixed Concrete Co.,
Inc., 327 Mass. 535, 537 (1951); 17 R. Bishop, Massachusetts Practice, § 16 (2nd ed. 1970).
Louise Caroline Nursing Home v. Dix Construction Corp., 362 Mass. 306, 309-311 (1972); Walsh
v. Conwell, 272 Mass. 555 (1930); Petowsky v. Black, 213 Mass. 428 (1913).


**Proposed Instruction No. 20            (Breach of Contract)**

In order to impose liability upon the defendant based upon the theory of breach of contract,

you must determine: (a) that an agreement existed between the plaintiff and the defendant; (b) the

terms, scope and provisions of any such confidentiality agreement; and (c) that the defendant

breached an express provision of any such agreement.  The plaintiff has the burden of proving

each of these requirements, by a preponderance of the evidence, and if you do not determine that

<u>all</u> of these requirements have been proven by a preponderance of the evidence, then you may not

award recovery to the plaintiff on the theory of breach of contract.


<u>Canney v. New England Tel. & Tel. Co.</u>, 353 Mass. 158, 164 (1967); <u>Read v. McKeague</u>, 252
Mass. 162, 164, 147 N.E. 585, 586 (1925) ("The court cannot make for the parties a contract
which they did not make for themselves."). <u>Breed v. Berensen</u>, 216 Mass. 397, 401 (1914).


**Proposed Instruction No. 21        (Breach of Contract)**

A required element of the claim of breach of contract is that there be a "material breach" of

the agreement.

A breach of contract is material if it relates to the very substance or root of the agreement and not merely to a subordinate or incidental matter. You must find that the defendant committed a "material breach" of the contract if his conduct violated a fundamental purpose of the contract or defeated the objective of the parties in making the agreement.

Truglia v. KFC Corp., 692 F. Supp. 271, 276-77 (S.D.N.Y. 1988), affirmed 875 F.2d 308 (1989); Ward v. American Mutual Liability Ins. Co., 15 Mass. App. Ct. 98, 100 (1983); Aerostatic Engineering Corp. v. Szczawinski, 1 Mass. App. Ct. 141, 144-45 (1973).

**Proposed Instruction No. 22**        **(Acceptance of Contract)**

A person may indicate his assent to a contract, and thereby become bound to its terms, in a variety of ways.  One manner in which a party may assent to a contract is to expressly state his acceptance of its terms, either orally or in writing.  Language, however, looking to the execution of a contract in the future do not constitute acceptance.   Parties are free to exchange proposals, negotiate terms, accepting some and rejecting others, without fear of being bound.

Merrill v. Kirkland Construction Co., Inc., 365 Mass. 110, 114 (1974); Chedd-Angier Production Co., Inc. v. Omni Publications, Inc., 756 F.2d 930, 935 (1st Cir. 1985).  See Rosenfield v. United States Trust Co., 290 Mass. 210, 216 (1935) (language looking to the execution of a final written agreement justifies a strong inference that the parties do not intend to be bound); Wasserman v. Roach, 336 Mass. 564, 568 (1958); Goren v. Royal Invs. Inc., 25 Mass. App. Ct. 137, 140 (1987). See, e.g., Cronin v. Nat'l Shawmut Bank, 306 Mass. 202, 210 (1940); Tull v. Mister Donut Dev. Corp., 7 Mass. App. Ct. 626, 632 (1979).

**Proposed Instruction No. 23    (Damages, generally)**

If you find that the plaintiff has proven all the elements of his claim by a preponderance of the evidence, then you may consider the plaintiff's money damages.  By instructing you on damages, I do not mean to imply that you should or should not award damages.  That decision is yours alone.  I instruct you on the law of damages only in the event that you determine it necessary to address that issue.

In other words, the mere fact that I instruct you on damages does not mean that you must find liability or reach the issue of damages.  I am required to give you a complete set of instructions as to the law.  The law of damages is included for completeness and not to suggest that you must award damages.  You should consider the issue of damages only if you have first properly determined that there is liability and causation.  In order to reach the issue of damages at all, you must first have decided that the defendant was negligent and that his negligence caused the plaintiff's injuries, in accordance with the instructions I have already given you.

Dolan v. Suffolk Franklin Savings Bank, 355 Mass. 665, 670 (1969); See, First National Bank of Akron v. Cann, 503 F. Supp. 419, 439 (N.D. Ohio 1980) aff'd 669 F.2d 415 (6th Cir. 1982); Huber, Hunt & Nichols, Inc. v. Moore, 136 Cal. Rptr. 603, 615 (Cal. App. 1977); (court affirmed the trial court's exclusion of evidence of damages-offered by a contractor suing an architect for damages-on the grounds that the contractor had failed to meet its burden of establishing which portion of the claim damages were attributable to some act or omission of the architect in which portion of those damages were attributable to persons other than the architects); Brown v. Gerstein, 17 Mass. App. Ct. 558, 565-66 (1984), review denied, 391 Mass. 1105 (1984) (court held that plaintiffs could not recover in malpractice action against attorney in the absence of evidence that some act or omission of the attorney caused the plaintiffs damage.)

**Proposed Instruction No. 24          (Damages, generally)**

   With respect to the claims against the defendant, if you get to the point of considering damages, you may award only so much of the damages which you find were caused by the defendant's breach of the confidentiality agreement. You should not include in your award any amount for damages brought about by other causes.

**Proposed Instruction No. 25          (Damages, generally)**

Damages must be set upon a solid foundation in fact.  The plaintiff cannot recover if an

essential element of his or her damages claimed is based on conjecture, surmise or hypothesis.

<u>Page v. New England Tel. & Tel. Co.</u>, 9 Mass. App. Ct. 916 (1980).

**Proposed Instruction No. 26**          **(Interest on Damages)**

In determining the total amount of damages, you are not to include any amount for interest which the plaintiff could have earned during the time between the filing of this lawsuit and your reaching a verdict.  This is because federal law requires the clerk of this Court to add interest onto the entire amount of the verdict.

Griffin v. General Motors Corp., 380 Mass. 362, 367, 403 N.E.2d 402 (1980); Mass. Gen. L. ch. 231, § 6B.

**Proposed Instruction No. 27**          **(Damages, speculation of)**

The law requires that the amount of damages be proved by the plaintiff with reasonable certainty and that such an amount be based on evidence.  While you are permitted to make a just and reasonable estimate of the damages, you are not permitted to speculate or to guess as to the amount of damages.  Estimates of losses or damages which are guesses, speculations or unwarranted conclusions by any witness, including expert witnesses, should not be considered by you.  The plaintiff's damages, if any, must be restricted to those losses which are logically and legally inferable from proven facts.

Higginbotham v. Mobile Oil Corp., 545 F.2d 422, 434-35 (5th Cir. 1977); Johnson v. Penrod Drilling Co., 510 F.2d 234 (5th Cir. 1975) cert. denied, 423 U.S. 839 (1975); Snelling & Snelling v. Wall, 345 Mass. 634, 635-36 (1963).  Agoos Leather Companies, Inc. v. American and Foreign Ins. Co., 342 Mass. 603, 608 (1961) (damages must be "reasonably ascertainable from the evidence", they cannot be speculative in nature).

**Proposed Instruction No. 28          (Damages, reasonableness)**

Damages must be reasonable, fair and just.  If you should find that the plaintiff is entitled to a verdict, you may award them only such damages as will reasonably compensate for such injury and damages as you find, from a fair preponderance of the credible evidence in the case, that they have sustained as a proximate result of defendants' conduct.

**Proposed Instruction No. 29          (Punitive Damages)**

You are not to include in any award of damages for the plaintiff any amount for the purpose of punishing the defendants or to serve as an example or warning for others, nor may you include in any award any sums for court costs or attorneys' fees.  In determining the amount of damages, if any, which the plaintiff has suffered as a result of the defendant's actions, the object is not to impose a fine or penalty upon the defendant, but only to determine the amount of any reasonable compensation to which the plaintiff may be entitled.

<u>Kozar v. Chesapeake & Ohio Ry.</u>, 499 F.2d 1238 (6th Cir. 1971); <u>USM Corp. v. Marson Fastener Corp.</u>, 392 Mass. 334, 353 (1984) (punitive damages are not allowed in the absence of statutory authorization).

**Proposed Instruction No. 30**          **(Damages, Breach of Contract)**

If you find that a contract existed between the parties, the plaintiff must also prove that the defendant failed to perform its obligations under their agreement.  Failure to perform by the defendant is a breach of the contract for which the defendant is liable in damages.  If you find that the defendant breached its contractual obligations to the plaintiff, then you may award damages to the plaintiff.  The measure of such an award is the amount necessary to put the plaintiff in exactly the position [he/she] would have been in had the defendant performed its obligations under the contract.

Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co., 327 Mass. 535, 100 N.E.2d 28 (1951); Associated Perfumers, Inc. v. Andelman, 316 Mass. 175 (1944); 17 Bishop, Massachusetts Practice, § 30 at p. 47

**Proposed Instruction No. 31          (Damages, causation)**

"Damages may be awarded only so far as loss can be ascertained to have followed as a

natural consequence...of the breach...[T]he complaining party must establish his claim upon a solid

foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or

hypotheses."

MacDonald v. Hawker, 11 Mass. App. Ct. 869 (1981) quoting John Hetherington & Sons v.
William Firth Co., 210 Mass. 8 (1911).

## <u>CERTIFICATE OF SERVICE</u>

I, Warren D. Hutchison, hereby certify that on this 4th day of August, 2006, a copy of the foregoing was served on the attorneys for the other parties who are registered ECF users by electronic means pursuant to Local Rule 5.4(c) and by first class mail, postage prepaid to the attorneys who are not registered ECF users.

/s/ Warren D. Hutchison
Warren D. Hutchison