UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RI, Inc. d/b/a SEATING SOLUTIONS,<br><br>     Plaintiff,<br><br>     v.<br><br>GELLER SPORT, INC. and GELLER DEVELLIS, INC.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 05-CV-10365-JLT<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PROPOSED SPECIAL JURY VERDICT FORM**

       Respectfully Submitted

       RI Inc. d/b/a SEATING SOLUTIONS

       By its attorneys

        /s/     Terry Klein
       HENSHON PARKER VYADRO, P.C.
       Terry Klein, BBO# 652052
       84 State Street, Suite 760
       Boston, Massachusetts 02109
       Telephone: (617) 367-1800
       Facsimile: (617) 507-6454

Date: August 4, 2006

CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on or before August 4, 2006.

        /s/     Terry Klein

**SPECIAL VERDICT FORM**

**Interference with Advantageous Business Relationship**

1. Did Seating Solutions have an advantageous business relationship with Worcester Baseball?

\_\_\_ Yes              \_\_\_ No

*If you answered yes to Question 1:*

2. Was Geller aware that Seating Solutions was in an advantageous business relationship with Worcester Baseball?

\_\_\_ Yes              \_\_\_ No

*If you answered yes to Question 2:*

3. Did Geller intentionally interfere with Seating Solutions' advantageous business relationship with Worcester Baseball?

\_\_\_ Yes              \_\_\_ No

*If you answered yes to Questions 1 - 3:*

4. Was Geller's interference improper as to its motive or its means?

\_\_\_ Yes              \_\_\_ No

*If you answered yes to Questions 1 - 4?*

5. Did Geller's interference cause Seating Solutions to suffer damages?

*If you answered yes to Questions 1 – 5:*

6. What amount of damages, if any, did Seating Solutions suffer as a result of Geller's interference with its advantageous business relationship?

_____ (words)

$_____ (numbers)

**Breach of Confidentiality Agreement**

7. Did Seating Solutions and Geller enter into a confidentiality agreement?

\_\_\_\_ Yes              \_\_\_\_ No

*If you answered Yes to Question 7:*

8.  Did Geller perform its obligations under the confidentiality agreement it entered into with Seating Solutions?

___ Yes          ___ No

*If you answered Yes to Questions 7 and 8:*

9.  What damages did Seating Solutions suffer due to Geller's breach of the confidentiality agreement with Seating Solutions?

_____ (words)

$_____ (numbers)

**Misappropriation of Trade Secrets**

10. Did Seating Solutions' design drawings and proposed pricing for the project constitute trade secrets?

___ Yes          ___ No

*If you answered Yes to Question 10:*

11. Did Seating Solutions take reasonable precautions to protect its trade secrets?

___ Yes          ___ No

*If you answered Yes to Questions 11 and 12:*

12. Did Geller misappropriate Seating's trade secrets?

___ Yes          ___ No

*If you answered Yes to Questions 10 – 12:*

13. What damages, if any, did Seating Solutions suffer as a result of Geller's misappropriation of its trade secrets?

_____ (words)

$_____ (numbers)